Nash, J.
 

 This is an action of assumpsit on a promissory note, given by McKee, Young & Co. to the plaintiffs, and payable at the Commercial Bank, Columbia, South Carolina. The plaiutiffs seek to subject the defendant to their recovery,, upon the ground that he was a secret partner. In order to shew this to be the fact, they proved ay the deposition of a witness living at Memphis, in Tennessee, where the firm of McKee, Young & Co. carried on busiuess, that, at the time the firm failed, the defendant came there, and left in consequence of a writ having issued against him as a partner of the firm, but the same witness stated, that in Memphis the firm was considered as being composed of Lawson and Isaac McKee and Young. It was further proved by the plaintiffs, that the defendant, upon being told at Lincolnton, in this.
 
 *478
 
 State, that his brothers were driving a good business, assent-e<^ an<^ sa^ ^le was concerne(l with them. On the part of the defendant, to repel the charge of being a partner, it was prove(j py the jn the store of the firm of McKee, Young & Co., that the members of that firm were Lawson and Isaac McKee, and Mr. Young, and that he never had heard of any other person being a partner. The defendant then offered the articles of copartnership between his two brothers and Young, which were objected to by the plaintiffs, but received by the Court, and from them it appeared the only members, when the firm was originally formed, were the brothers Lawson and Isaac McKee, and Mr. Youug. He then offered the depositions of his brothers, Isaac and Lawson, to prove he never was a partner. The reception of this testimony was also objected to by the plaintiffs, but the objection was over-ruled, and the testimony given to the jury.
 

 The only objection on the- part of the plaintiff, made in the Court below, and which is now before us, is as to the reception of the evidence objected to. We see no error committed by the Judge in either particular. We are at a loss to understand what objection there can be, to the reception of the articles of copartnership in evidence. The plaintiffs were seeking to charge the defendant, as a copartner, and he certainly was at liberty to negative the charge, and how could he do it more effectually than by showing who were the
 
 partners}
 
 and what better evidence could he produce than the articles themselves, under which the partners went into and transacted business? Its reception did not preclude the plaintiffs from showing, if they could, that the defendant was a dormant partner, or had become a partner afterwards, and before- the contract was made, upon which they sought to charge him. It certainly was admissible as evidence. Neither can we perceive any error in the Judge in admitting, the testimony of Lawson and Isaac McKee, to prove that the defendant was not a partner. We have carefully examined the cases to which our attention has been drawn in the course of the argument here. The principle we extract
 
 *479
 
 from them is,' that, in order to deprive a defendant of a witness, upon the ground of his being a partner, a partnership must be satisfactorily proved, or admitted. Thus in Colyer on Partnership, 460, to which we were referred, it is stated, in an action
 
 ex contractu
 
 against one or more partners, a
 
 copartner
 
 cannot be admitted as a witness for the defendant. And he refers to the case of
 
 Young and Baimer,
 
 1 Esp. 103. In that case the defendant pleaded in abatement that he was joint owner with others of the ship, upon which the work was done, and, to support his plea, offered to call the person he alleged was co-partner. Lord Kenyon rejected the testimony. The defendant, by his plea, admitted that the witness was a copartner. In the case of
 
 Birt and Hood,
 
 1st Esp. 20, the defendant alleged that the business, in the course of which the goods had been purchased,- was carried on by his mother,- and that he was a man servant, and offered to prove it by her. Adair, of counsel, objected that she was a partner, and therefore incompetent, “at all events some witness should be called to show she was not a partner.” The Court, Eyre Chief Justice, over-ruled the objection, that as the plaintiff had chosen to proceed against the defendant alone, he should not be permitted, by a mere suggestion, to deprive the defendant of the benefit of her testimony. And so of the. other cases. In this case, the defendant did prove by the clerk and by the articles of agreement .that he was not a partner of the firm of McKee, Young & Co. The plaintiff had, to be sure, produced some' evidence that he was ; testimony going somewhat beyond a mere suggestion. The question was to the Court, as to the’ admissibility of the testimony of the two McKees — how could the Judge say the defendant was a partner with them'?’ It would have been an assumption of the functions of the-jury. All he could do was, to admit the testimony and let the jury decide, as to its weight and credibility. When the plaintiff, therefore, in an action, wishes to object to the testimony of a witness, as being a partner with the defendant, h'e should ask the witness on his
 
 voir dire,
 
 whether- Ire is not
 
 *480
 
 If he admit it, he will of eourse be rejected; if he deny it, it will be competent to the plaintiff to examine other witnesses'to prove the fact, and it will then be a question for the jury, and not for the Court, whether the partnership does or does not exist. Of course we ax*e now alluding to cases, where the partnership is not admitted by the pleadings, or by the defendant in some other way. Colyer, 463, and the eases cited. We are of opinion that there is no error in the reception of the testimony in the Superior Court, and the judgment of the Court is affirmed with costs.
 

 Per- Curiam. Judgment affirmed.